IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAKOTA HOLLAND, #20061896,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-01248-JPG |
| | ) |
| **KENNY BENZING,** | ) |
| **ALLISON ALEXANDER,** | ) |
| **RICH STEVENSON,** | ) |
| **DANIL DOE,** | ) |
| **J. DAIL,** | ) |
| **KAYLA DOE,** | ) |
| **and JOHN DOE ##1-4,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Dakota Holland on December 15, 2020. (Doc. 8). Plaintiff is a former detainee at Marion County Law Enforcement Center ("Jail") who claims that he was subjected to unsafe conditions at the Jail that caused him to contract COVID-19. (*Id*. at 7). He was then denied testing and treatment. (*Id*.). Plaintiff includes no request for relief. (*Id*. at 8).

This case is now before the Court for preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are

1

liberally construed in favor of the *pro se* plaintiff at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

Plaintiff sets forth the following allegations in the First Amended Complaint (Doc. 8, p. 7): On October 14, 2020, Plaintiff arrived at the Jail on a writ and was placed in the gym with five other inmates. Despite the ongoing pandemic, staff and inmates did not wear masks. Cleaning supplies were not available. Staff, inmates, and others entered and exited the Jail regularly without any screening for symptoms of COVID-19.

Plaintiff became ill on October 17, 2020. He experienced chest pain and difficulty breathing. When he reported these symptoms to the nurse, she told Plaintiff that he would be fine and otherwise denied him medical attention. Symptomatic inmates were denied testing and treatment for COVID-19 as well. (*Id*.).

Plaintiff suffered a seizure on November 24, 2020. The correctional officer(s) who responded did not wear a mask. The failure to do so contributed to the spread of COVID-19. (*Id*.).

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate the following enumerated counts in this *pro se* action:

| | |
|---|---|
| **Count 1:** | Fourteenth or Eighth Amendment claim against Defendants for exposing Plaintiff to conditions of confinement at the Jail that posed a substantial risk of serious harm caused by COVID-19, including denial of protective gear, denial of cleaning supplies, a lack of screening for symptoms, and denial of testing for the virus in October 2020. |
| **Count 2:** | Fourteenth or Eighth Amendment claim against Defendants for denying Plaintiff medical care for symptoms of COVID-19 following Plaintiff's development of symptoms in October 2020. |

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

The First Amended Complaint does not survive review under 28 U.S.C. § 1915A. Plaintiff mentions no defendants in the statement of his claim. The Court is unable to determine whether any of the defendants listed in the case caption violated his right to be free from cruel and unusual punishment under the Eighth Amendment (applicable to convicted prisoners) or his right to be free from all forms of punishment under the Fourteenth Amendment (applicable to pretrial detainees). *See Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019); *Miranda v. Cty. Of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *McCann v. Ogle Cty., Ill.*, 909 F.3d 881 (7th Cir. 2018) (articulating applicable legal standard for claims of unconstitutional conditions of confinement and denial of medical care brought by prisoners and pretrial detainees).

Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Liability does not "attach unless the individual defendant caused or participated in a constitutional violation." *Id*. In order to state a claim against any defendants, Plaintiff must name the individuals who violated his constitutional rights as defendants in the case caption and then describe what each person did (or failed to do) in violation of his rights in the statement of his claim. He does not need to go into great detail. Plaintiff is only required to provide a brief description of each person's misconduct. *See* FED. R. CIV. P. 8(a)(2) (requiring a "short and plain statement" showing pleader is entitled to relief). However,

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff has omitted all reference to the defendants in the body of his First Amended Complaint. Therefore, he has failed to state a claim against any of them.

The First Amended Complaint does not survive preliminary review and shall be dismissed without prejudice for failure to state a claim. Plaintiff will have an opportunity to file a Second Amended Complaint. The Court reminds Plaintiff that a successful complaint generally alleges "the who, what, when, where, and how. . . ." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, the Second Amended Complaint should identify who violated Plaintiff's constitutional rights by name, if known, in the case caption and should also include a description of how Plaintiff's rights were violated in the body of the complaint. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation (*e.g.*, Dr. John Doe).

## Disposition

**IT IS ORDERED** that Plaintiff's First Amended Complaint (Doc. 8) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a Second Amended Complaint on or before **May 17, 2021**. Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the Second Amended

Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. He should also list this case number on the first page (*i.e.*, Case No. 20-cv-1248-JPG). The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the Second Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 4/15/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
